IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )  )  Plaintiff ) )  ) v. ) ) ALBERT F. TURNELL, JR., ) ) Defendant. ) | CASE NO.: 1:12-CR-051-WSD |

**Defendant's Sentencing Memorandum**

Comes now Defendant, Albert Turnell, by and through his undersigned counsel, and files this memorandum in support of the Defendant's request for a "reasonable sentence", pursuant to the requirements and criteria set out in 18 USC Section 3553(a).

**Offense Conduct and Guideline Sentence**

Mr. Turnell stands convicted of the distribution of child pornography.  There are no unresolved issues or objections to the Guideline calculations in the Presentence Repot.  Counsel raised a Departure issue related to Mr. Turnell's age, which will be further addressed in the memorandum as a basis for a downward variance from a Guideline sentence.  Mr. Turnell's Guideline range is 151-188

1

months, corresponding to a level 34 and a criminal history I.

Mr. Turnell has not and does not dispute the underlying facts that form the basis for the offense of a conviction, except as to any suggestion or inference that Mr. Turnell has ever attempted any sexual contact with a minor.  Mr. Turnell's criminal conduct has been confined to possessing and sharing (distributing) child pornography as described in the PSR.

The undercover agent's conversation with Mr. Turnell, wherein a claim was made by Mr. Turnell that he previously had sexual contact with a 15 year old, would be significant, if true.  This statement was not true, but rather was Mr. Turnell's role playing and fantasizing about such conduct.  Admittedly, it is troublesome that Mr. Turnell even entertained such thoughts, however there is an important distinction between thinking or talking about the subject, versus actually carrying them out. 1.

Throughout his many decades of being a minister and a respected leader in various churches, Mr. Turnell came into contact with children of all ages.  This contact would have provided an abundance of opportunities to act out or engage in sexual contact with minors, if that was in fact his intention or desire.  That never happened.

---

**1. Counsel had Mr. Turnell examined by Forensic Psychologist, James E. Starks at the beginning of this case. His examination and report reflect Mr. Turnell poses a low risk to act out his impulses and fantasies. Counsel has previously provided the government with a copy and will file a copy separately with the court, requesting it be ordered, sealed and made a part of the record.**

Mr. Turnell commenced his ministry in the Methodist Church (later the United Methodist Church) in 1962.  He served several rural churches in Gordon and Madison Counties, and went to work at the Georgia Mental Health Institute for a year.  Between 1975 and 1999 he served in the ministry at St. Johns (Atlanta), St. Paul (Marietta), Trinity (Dalton), Smyrna First UMC and Dalton First UMC.  Mr. Turnell was a district superintendent for the Atlanta-Marietta District of the North Georgia Annual Conference for four years.  He retired at age 68, approximately five years ago.

As reflected in the numerous letters provided by peers, friends and parishioners in support of Mr. Turnell, he was a much beloved and trusted figure in the community.  He was highly effective in all of his appointments.

Mr. Turnell's contact with pornography developed after his retirement and was largely fueled by two factors.  First, Mr. Turnell had internally struggled with the belief that he had bi-sexual urges.  Although he never acted out these urges, they became more prevalent, later in life.  The second factor was his impotence resulting from the various medications he was prescribed and administered for his cancer and other ailments, as well as his advanced age.

The culmination of these factors became a spring board of curiosity and interest in internet pornography.  None of this is offered as an excuse or

3

justification, rather its provided to help explain why and how Mr. Turnell ended up where he is today.

Mr. Turnell has accepted responsibility for his actions from the inception of this case.  When confronted by law enforcement, he acknowledged his activities and association with child pornography.  Mr. Turnell's actions in deleting materials from his computer was not just about fear of detection as much as it was the recognition that these materials and their possession were unlawful.  He recognized what he has done was morally and legally wrong, and tried to remove these images from his computer.

Mr. Turnell understands the pernicious nature of child pornography and its destructive force on its victims.  He recognizes his actions contributed to the problem and for that, is truly remorseful.  After decades of devotion to doing so much good for others and helping people deal with their problems, he realizes his fallibility in dealing with his own problems.  Mr. Turnell stands before this court suffering the pains of guilt for have violated the laws of man, but for Mr. Turnell even more importantly, has violated religious principles that he championed throughout his life.

### A Reasonable Sentence Pursuant To 18 USC Section 3553(a)

Since the decision in *Booker*, the courts have been released from the

mandatory restrictions imposed by the Guidelines.  Mr. Turnell, and the facts and circumstances surrounding him as a person, merits this Court's consideration and the exercise of discretion afforded a sentencing court under 18 USC Section 3553(a).

The issue is: what sentence is sufficient to properly punish Mr. Turnell's criminal conduct, yet not impose a penalty that is greater than necessary to satisfy competing sentencing criteria?

Although the PSR references Mr. Turnell's current health- related problems, counsel has provided the Court medical records that provide a more in-depth understanding as to his failing health.  As reflected in both the PSR and in the medical records, Mr. Turnell suffers from rapidly failing health as a result of cancer, which is exacerbated by his diabetes and heart problems.  As a result of the progressive cancer on his scalp and face, Mr. Turnell has already lost the use of his sight and hearing on the right side of his face.  He has incurred surgeries to remove cancerous tissue and is likely to incur more in the future.

Radiation treatment is no longer a viable option, leaving only chemotherapy as his best chance of survival.  To date, Mr. Turnell's tumor has been aggressive and progressive.  The sad truth is Mr. Turnell's survival, even short term, is very bleak.  For this defendant, even a 5 mandatory minimum sentence is very likely, a life sentence.  Given the progressive, and so far, nonresponsive nature of his

cancer, the prognosis of survival of more than a few years, is doubtful.

Offender characteristics found in Section 5 H 1.1 (Age) and Section 5H1.4 (Physical Condition), both recognize and acknowledge the propriety of conducting a form of cost benefit analysis in addressing issues as to a defendant's age and health in determining an appropriate sentence.  Both sections recognize that age and/or physical condition may reflect that the infirmity of the defendant is to such a degree that a court can consider more efficient or less costly alternatives.  While there is no alternative to incarceration in this case, the same analysis and consideration should apply to the length of incarceration.  Mr. Turnell's short term and long term care will be costly and burdensome to the Bureau of Prisons.  This factor should be added to the mix when considering the degree of variance.

In arriving at a reasonable sentence that is just and fair to all competing interests, clearly punishment and deterrence reigns supreme, especially in a child pornography case.  However the concepts of punishment and deterrence should correspond and be tailored to the individual being sentenced.  There is no sacrosanct length for a sentence, necessary to achieve, either punishment or deterrence. Given Mr. Turnell's accomplishments in life, his background and age, and his deteriorating medical condition, can it reasonably be said that 5 years of incarceration for this man, is not enough? To what end would a longer incarceration serve.  He is not now and certainly won't be five years from now, a

dangerous threat as a potential recidivist.  If Mr. Turnell lives out the term of imprisonment, he will be supervised and closely monitored as a Sexual Offender for the rest of his remaining life.

Do we believe the general public or the actual victims of the pornography will somehow be cheated and denied justice if Mr. Turnell receives the minimum sentence the Court can impose?  One can hate the crime yet still reserve some compassion for someone who possesses and shares these materials.

The Court can take judicial notice of the statistical studies undertaken by the U.S. Sentencing Commission which reflects in 2011 approximately 48% of child pornography offenses received a below the Guideline sentence.  Over the past few years there has been a growing crescendo of criticism as to the undue harshness of the Guidelines as to child pornography offenses.  None of this suggests a court can or should ignore the Guidelines, as a court is required to give great deference to the Guidelines. Rather, it reflects the collective doubts about the appropriateness, consistent with Section 3553 analysis, of placing people in prison for an excessive amount of years.  For a court to entertain questions about the propriety of  a lengthy Guideline dictated sentence, does not make that court an outlier.

In United States v. Pugh., 515F3d 1182 (11th Cir 2008), the Eleventh Circuit analysized the process and procedure a sentencing court is to employ, in implementing a variance time in sentencing an individual; in light of *Booker* and

its progeny; as well as the standard of review by the appellate court.

Citing <u>Gall</u> v. <u>United States</u>, 552 U.S. 38, 128 Supreme. Ct 586, 169 L.Ed.2d 445 445(2007), stated a judge must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and *ensure that the justification is sufficiently compelling to support the degree of the variance*. We find it uncontroversial that *a major departure should be supported by a more significant justification than a minor one*.

*Id.*at 597 (emphasis added). Thus, not only must the district courts "consult th[e] Guidelines and take them into account when sentencing, ''*Booker,* 53 U.S. at 264, <u>125 S.Ct. 738</u>, they must properly calculate the Guideline range." *Gall,* 128 S.Ct. at 597.

After an appellate court has determined that "the district court's sentencing decision is procedurally sound, "*Gall* directs that "the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id*. at 597. The Court explained:

When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guideline range. If the sentence is within the Guideline range, the appellate court may, but is not required to, apply a presumption of, reasonableness. But if the

sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness.  It may consider the extent of deviation, but must give due deference to the district court's decision that the Section 3553(a) factors, on a whole, justify the extent of the variance.  The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.  <u>Pugh</u> at pg. 1190

Counsel respectfully urges the Court to exercise its discretion and arrive at the conclusion, supported by the individual facts and circumstances of Mr. Turnell's case, that a 5 year sentence is reasonable and in turn, satisfies the criteria and underlying policy of 18 USC 3553(a).

Respectfully Submitted,

<u>/s/ Michael J. Trost</u>
Michael J. Trost
Georgia Bar Number 716685
1800 Peachtree Street, Suite 300
Atlanta, Georgia 30309
Attorney for Albert Turnell

10